UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-10105-ODW-MAA | Date: November 17, 2020 |
| Title: Raymond Tafolla, Jr. v. J. Pickett | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| | |
|---|---|
| James Muñoz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why Petition Should Not Be Summarily Dismissed as Untimely; Order re: Incomplete Request to Proceed *In Forma Pauperis*

On November 2, 2020, the Court received and filed Petitioner Raymond Tafolla, Jr.'s ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.) The Petition alleges two grounds for federal habeas corpus relief challenging a 1999 criminal judgment: (1) the trial court entered an unauthorized sentencing enhancement and (2) the trial court imposed restitution without assessing Petitioner's ability to pay. (*Id.* at 3[1]; *see also* Petition Memorandum of Points & Authorities ("Petition MP&A"), ECF No. 2.)

The Court takes judicial notice of Petitioner's state proceedings relating to this conviction. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner was sentenced in the Los Angeles County Superior Court on April 2, 1999. (Pet. 2.) The California Court of Appeal affirmed his conviction and sentence on January 27, 2000. (*Id.*

---

[1] Pinpoint citations of documents in this Order refer to the page numbers appearing in the ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-10105-ODW-MAA                                      Date:  November 17, 2020

Title:       Raymond Tafolla, Jr. v. J. Pickett

at 2–3.)  Petitioner states that his attorney then "abandoned" him and failed to file a petition for review in the California Supreme Court.  (*Id.* at 3.)

Next, Petitioner states that the Los Angeles County Superior Court denied his September 19, 2019 habeas corpus petition, which raised the same claims as this 2254 Petition, on October 24, 2019.  (*Id.* at 4; Pet. MP&A 4.)  On February 7, 2020, Petitioner filed a habeas corpus petition with the California Court of Appeal, which was denied on March 18, 2020.  (Pet. 5.)  *See* Case Information, California Courts of Appeal, https://appellatecases.courtinfo.ca.gov/index.cfm (select "Second Appellate District" and enter case number B304064 in "Search by Case Number" search bar) (last visited Nov. 6, 2020).  Petitioner filed a habeas corpus petition with the California Supreme Court on May 15, 2020, which was summarily denied on July 15, 2020.  (Pet. 5.)  *See* Search-Supreme Court, Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (enter case number S262295 in "Search by Case Number" search bar) (last visited Nov. 6, 2020); *see also In re Tafolla*, Case No. S262295, 2020 Cal. LEXIS 4806, at *1 (July 15, 2020).

Petitioner then commenced this federal action.  Petitioner certified that he submitted the Petition for mailing on October 28, 2020.  (Pet. 9.)  For the purpose of this Order to Show Cause, the Court will assume the Petition was constructively filed on October 28, 2020.  *See Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).  As discussed below, setting aside the merits of Petitioner's claim for relief, the Petition appears to be untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court.  *See* 28 U.S.C. § 2244(d) ("Section 2244(d)").  Section 2244(d)(1) provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-10105-ODW-MAA                                                      Date:  November 17, 2020

Title:    Raymond Tafolla, Jr. v. J. Pickett

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
> 
>  (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> 
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Court must evaluate the commencement of the limitation period on a claim-by-claim basis.  *See Mardesich v. Cate*, 668 F.3d 1164, 1169–71 (9th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Here, it appears that the AEDPA limitation period trigger is the date on which Petitioner's criminal judgment became final.  *See* 28 U.S.C. § 2244(d)(1)(A) *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on April 2, 1999.  (Pet. 2.)  The California Court of Appeal affirmed his conviction and sentence on January 27, 2000.  (*Id.* at 2–3.)  Petitioner states that his attorney then "abandoned" him and failed to file a petition for review with the California Supreme Court.  (*Id.* at 3.)  Where, as here, a state prisoner does not pursue discretionary review in the state's highest court on direct review, the conviction becomes final when the time for seeking discretionary review expires.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  Accordingly, for the purpose of federal habeas review, Petitioner's conviction appears to have become final on March 7, 2000, forty days after the California Court of Appeal's January 27, 2000 decision.  *See* Cal. R. 8.500(e)(1) (providing that a petition for review must be filed in the California Supreme Court within ten days after the Court of Appeal decision becomes final); Cal. R. 8.264(b)(1) (providing that the Court of Appeal decision generally becomes final thirty days after issuance).  Thus, absent any tolling, the deadline to file a federal habeas petition was March 6, 2001.

The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2).  Additionally, so long as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-10105-ODW-MAA                                                    Date:  November 17, 2020

Title:      Raymond Tafolla, Jr. v. J. Pickett

the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled.  *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019).

In this case, as noted above, Petitioner filed a habeas corpus petition with the Los Angeles County Superior Court on September 13, 2019, which was denied on October 24, 2019.  He then filed a habeas corpus petition with the California Court of Appeal on February 7, 2020, which was denied on March 18, 2020.  Petitioner filed a habeas corpus petition with the California Supreme Court on May 15, 2020, and that court denied his petition on July 15, 2020.

Even if the Court assumed that Petitioner's state habeas petitions were properly filed, and that Petitioner was entitled to statutory tolling between September 13, 2019 and July 15, 2020, such tolling would not cure the federal Petition's untimeliness.  The limitation period expired on March 6, 2001, over eighteen years before Petitioner brought his first habeas petition in a state court.  Thus, it appears that there was no extant limitations period that possibly could be tolled.  *See, e.g.*, *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003))).

In addition to statutory tolling, the limitations period also may be subject to equitable tolling.  Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights up to the time of filing his claim in federal court and (2) some extraordinary circumstance prevented him from making a timely filing despite his reasonable diligence.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Smith v. Davis*, 953 F.3d 582, 598–600 (9th Cir. 2020) (en banc).  Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high.  *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Here, Petitioner has not alleged any facts in the Petition indicating that he may be entitled to equitable tolling.

Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The standard for a claim of actual innocence is demanding:  a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-10105-ODW-MAA                                        Date:  November 17, 2020

Title:      Raymond Tafolla, Jr. v. J. Pickett

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted).  Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown." *Perkins*, 569 U.S. at 387.  Here, the Petition does not identify any such new evidence, let alone provide evidence that casts serious doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claim.

Absent further evidence, the Petition appears to be barred as untimely pursuant to 28 U.S.C. § 2244(d)(1).  Petitioner is **ORDERED** to show cause in writing by no later than **December 17, 2020** why this Court should not recommend dismissal of this action as untimely.

Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the action is untimely or (2) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent.  *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence).  After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.  This Order to Show Cause is not dispositive of Petitioner's claim for habeas relief.

Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner expressly is cautioned that failure to respond to this Order by December 17, 2020 will result in a recommendation that the Petition be dismissed for untimeliness pursuant**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-10105-ODW-MAA                                Date:  November 17, 2020

Title:    Raymond Tafolla, Jr. v. J. Pickett

**to 28 U.S.C. § 2244(d)(1), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

### Incomplete Request to Proceed *In Forma Pauperis*

      Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petition be accompanied by the applicable filing fee or a request for leave to proceed *in forma pauperis* including a certificate from an authorized officer of the petitioner's institution showing the amount of money or securities in the petitioner's institutional account.  Here, Petitioner's request to proceed *in forma pauperis* currently is incomplete because he only attaches the first page of the Court's two-page form Declaration in Support of Request to Proceed *In Forma Pauperis*.  (*See* Pet. 6.)

      Therefore, Petitioner is **ORDERED** to submit, by no later than **December 17, 2020**, either (1) the filing fee of $5 or (2) a completed request to proceed *in forma pauperis* with the required supporting documentation.  A form Declaration in Support of Request to Proceed *In Forma Pauperis* is attached to this Order.

      **Petitioner expressly is cautioned that failure to respond to this Order by December 17, 2020 will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**  *See, e.g.*, *Young v. United States*, 465 F. App'x 597, 598 (9th Cir. 2012) (affirming dismissal of habeas petition for failure to pay filing fee or submit complete request to proceed *in forma pauperis*); *Culler v. Bd. of Prison Terms*, 405 F. App'x 263, 264 (9th Cir. 2010) (same).

\* \* \*

      It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
Form CV-69, pp. 10–11 (Declaration in Support of Request to Proceed *In Forma Pauperis*)